UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUAN MONROE: WRIGHT-EL,

        Plaintiff,                              No. 14-10280

vs.                                            Hon. Gerald E. Rosen

STEPHEN A. HAGERMAN; WEST
SIDE BRICK, LLC; and VIRGIL
C. SMITH, Wayne County Circuit
Court Chief Judge,

        Defendant(s).
_____/

ORDER OF SUMMARY DISMISSAL

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on January 27, 2014

PRESENT: Honorable Gerald E. Rosen
United States District Chief Judge

      Plaintiff Juan Monroe: Wright-El has filed a *pro se* complaint against "Stephen A. Hagerman a/k/a Steven Hagerman; West Side Brick, LLC; and Virgil C. Smith d/b/a Wayne County Circuit Court Chief Judge" in which he complains that Defendants Hagerman and West Side Brick, LLC were wrongfully granted possession to his domicile and, as a consequence of that wrongful possession, are liable to him for conversion, trespass, intentional interference with contract, mental intimidation and intentional infliction of emotional distress. He further complains that he filed a written objection to the Wayne County Treasurer's auction/sale of his house in the Wayne County Circuit

Court but Judge Smith did not take the action he requested in his objection. As relief, Plaintiff requests an order from this Court prohibiting Defendants from trespassing on his property and damages in the amount of $350,000, plus fees and costs.

Plaintiff was granted permission to proceed with this action *in forma pauperis,* without prepayment of the filing fee under 28 U.S.C. § 1915. After careful consideration, the Court dismisses Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2).

Complaints filed *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Burgery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.

The federal courts are courts of limited jurisdiction; they have only such jurisdiction as is defined by Article III of the United States Constitution and granted by Congress. *Gross v. Hougland*, 712 F.2d 1034, 1036 (6th Cir. 1983). As provided in 28 U.S.C. §§ 1331 and 1332, federal courts have jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331 ("federal question jurisdiction"), and over civil actions between completely diverse parties where the matter in controversy exceeds the sum or value of $75,000, 28 U.S.C. § 1332 ("diversity jurisdiction"). Federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*. *See In re Lewis*,

398 F.3d 735, 739 (6th Cir. 2005).

Turning to the instant matter, Plaintiff's Complaint on its face does not allege any federal question nor does it present such allegations that would establish diversity jurisdiction.

Additionally Plaintiff here is suing a state court judge. It is well-established that judges, when acting within the scope of their subject matter jurisdiction, have absolute immunity from any claim for damages, either under state or federal law. *Mireles v. Waco*, 502 U.S. 9, 112 S. Ct. 286, 116 L.Ed.2d 9 (1991). *See also*, *Ross v. Consumers Power Co.*, 420 Mich. 567, 632, 363 N.W.2d 641, 667 (1985) (Absolute immunity is granted to judges, even for malicious acts, as long as they are acting within their judicial authority). In this case, Plaintiff complains of the judge's actions taken in a foreclosure action. Judge Smith is a duly-elected Michigan circuit court judge and his jurisdiction and authority clearly encompass conducting the proceedings attendant to the foreclosure sale of Plaintiff's property. Plaintiff's complaints against Defendant Smith arise out the judge's conduct while conducting those proceedings. As such, the judge and the court are clearly cloaked with absolute judicial immunity

For all of these reasons, pursuant to 28 U.S.C. § 1915(e)(2),

IT IS HEREBY ORDERED that Plaintiff's *ifp* complaint is hereby DISMISSED.

        s/Gerald E. Rosen
        Chief Judge, United States District Court

Dated: January 27, 2014

2:14-cv-10280-GER-MJH Doc # 5 Filed 01/27/14 Pg 4 of 4 Pg ID 21

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 27, 2014, by electronic and/or ordinary mail.

                                      s/Julie Owens
                                      Case Manager, (313) 234-5135